IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELMER WILLIAMS )
    Petitioner, )
)
vs. ) C.A. No. 05-115 ERIE
)
FRANKILIN TENNIS, )
    Respondent. )

## RULE AND ORDER

AND NOW, this 21st day of April, 2005, after Petitioner presented a petition for a writ of habeas corpus,

IT IS ORDERED that the United States Marshal shall make service of this order, together with a copy of the petition, upon the Respondent, the District Attorney of Erie County, and the Attorney General of the Commonwealth of Pennsylvania.

IT IS FURTHER ORDERED that within twenty days of service of this order, the respondent, and the District Attorney of Erie County, Pennsylvania shall respond to the allegations of the petition for writ of habeas corpus. The District Attorney shall address all of the following 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2); 2) the exhaustion of state court remedies as required by 28 U.S.C. §§ 2254(b) and Picard v. Connor, 404 U.S. 270 (1971); Rose v. Lundy, 455 U.S. 509 (1982); United States ex. rel. Trantino v. Hatrack, 563 F.2d 86 (3d Cir. 1977); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted, and 3) the merits of the petition. The answer shall comply with Rule 5 of the Rules Governing Section

AO 72
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELMER WILLIAMS, )
      Petitioner, )
)
vs. ) C.A. No. 05-115 ERIE
)
FRANKILIN TENNIS, )
      Respondent. )

## RULE AND ORDER

AND NOW, this _21_ day of April, 2005, after Petitioner presented a petition for a writ of habeas corpus,

IT IS ORDERED that the United States Marshal shall make service of this order, together with a copy of the petition, upon the Respondent, the District Attorney of Erie County, and the Attorney General of the Commonwealth of Pennsylvania.

IT IS FURTHER ORDERED that within twenty days of service of this order, the respondent, and the District Attorney of Erie County, Pennsylvania shall respond to the allegations of the petition for writ of habeas corpus. The District Attorney shall address all of the following 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2);  2) the exhaustion of state court remedies as required by 28 U.S.C. §§ 2254(b) and Picard v. Connor, 404 U.S. 270 (1971); Rose v. Lundy, 455 U.S. 509 (1982); United States ex. rel. Trantino v. Hatrack, 563 F.2d 86 (3d Cir. 1977); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted, and 3) the merits of the petition. The answer shall comply with Rule 5 of the Rules Governing Section

AO 72
(Rev. 8/82)