IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELMER WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | C.A. No. 05-115 ERIE |
| v. | ) | |
| | ) | |
| FRANKLIN TENNIS, | ) | |
| Respondent. | ) | |

COMMONWEALTH'S ANSWER TO PETITION FOR
WRIT OF HABEAS CORPUS

AND NOW, comes the Commonwealth of Pennsylvania, by and through its

representative John P. Garhart, Assistant District Attorney, Erie County, Pennsylvania,

and files the within Answer to Petition for Writ of Habeas Corpus and in support therof

avers as follows:

I.    PROCEDURAL HISTORY

The petitioner, Elmer Williams, was charged at Docket Number 2530 of 2003

with two (2) counts of Rape, two (2) counts of Statutory Sexual Assault, two (2) counts

of Indecent Assault, one (1) count of Corruption of Minors, one (1) count of Endangering

Welfare of Children, and two (2) counts of Sexual Assault.  On November 6, 2003,

Williams pled guilty to (1) count of Rape, one (1) count of Corruptions of Minors, and

one (1) count of Endangering of Welfare of Children.  In exchange for Williams entering

a guilty plea the Commonwealth nolle prossed the remaining seven (7) counts.

On February 13, 2004, the Court sentenced Williams to an aggregate term of 136

to 288 months in the state correctional system.  Williams subsequently filed a timely

Motion to Modify and/or Reconsider Sentence which was denied by the Court on

February 23, 2004.

On July 8, 2004, Williams filed a Motion for Post Conviction Collateral Relief (PCRA). Appointed counsel petitioned to withdraw and filed a no merit <u>Finley</u> letter. Counsel was permitted to withdraw and on July 27, 2004, the PCRA court denied the motion. In Williams's Motion for Post Conviction Collateral Relief, he claimed ineffective assistance of counsel and his guilty plea was defective.

Williams appealed this denial, and on April 4, 2005, the Pennsylvania Superior Court affirmed the PCRA Court's denial (Docket Number 1513 WDA 2004). Williams did not attempt an appeal to the Supreme Court of Pennsylvania.

On April 14, 2005, Williams filed the instant Petition for Writ of Federal Habeas Corpus.

## II.   COGNIZABLE CLAIMS IN FEDERAL HABEAS CORPUS PROCEEDINGS

A state prisoner may seek federal habeas relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a); <u>Smith v. Phillips</u>, 455 U.S. 209 (1982); <u>Geschwendt v. Ryan</u>, 967 F.2d 877 (3d Cir. 1992), cert. denied, 506 U.S. 977 (1992); <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284 (3d Cir. 1991), cert. denied, 502 U.S. 902 (1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before federal habeas relief may be granted. <u>Engle v. Isaac</u>, 456 U.S. 107 (1982); <u>Wells v. Petsock</u>, 941 F.2d 257 (3d Cir. 1991), cert. denied, 505 U.S. 1223 (1992). A federal court's scope of review is limited as its role is not to retry state cases *de novo*, but to examine the proceedings in the state court to determine if there has been a violation of constitutional standards. <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983); <u>Milton v. Wainwright</u>, 407 U.S. 371 (1972). A habeas

petitioner must show that the state court's decision was such a gross abuse of discretion

that it was unconstitutional; "ordinary" error is outside the scope of §2254.

## III.    STATUTE OF LIMITATIONS

Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996,

("AEDPA"), effective April 24, 1996, the statute of limitations for filing a petition for

writ of habeas corpus is as follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of--
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing
> by such State action;
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been
> newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C.A. §2244(d).

The petitioners state court review was final on May 4, 2005, at the expiration of

his thirty-day time period for seeking review of his PCRA with the Pennsylvania

Supreme Court.  Pa. R.App.P. 1113(a).  Under 28 U.S.C.A. §2244(d), the petitioners last

day to file a Habeas Petition is May 4, 2006, one year after the petitioner's state court

review became final.  Accordingly, Williams' petition does not violate the Statute of Limitations.

## IV.    **EXHAUSTION**

Before a federal court may address the merits of a state prisoner's claim, constitutional and federal law issues must have been fairly presented to the state courts first through direct appeal, collateral review, or other available procedures for judicial review.  See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.2d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).  A state prisoner is required by 28 U.S.C. §2254(b) to exhaust all available state court remedies before seeking federal relief.  The exhaustion requirement is based upon the principle of comity, which requires that state courts be given the first opportunity to address and correct constitutional violations and errors committed in its courts.  Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).  Generally, in order to satisfy the exhaustion requirement, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court."  Story v. Kindt, 26 F.3d 402, 409 (3d Cir. 1994); see also, Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986).  The petitioner has the burden of establishing that exhaustion has been met.  Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state claim when no appropriate remedy exists.  Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, at 681; Carter v. Vaughn, 62 F.2d 591, 594 (3d Cir. 1995) (citation omitted).  A state prisoner shall not be deemed to have exhausted

state remedies if he has the right to raise his claims by any available state procedure. 28
U.S.C. §2254(c). Federal courts may entertain the merits of a petition for habeas corpus
where the state remedies have not been exhausted "when no appropriate remedy exists at
the state level or when the state process would frustrate the use of an available remedy."
Story at 405; Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991). If the "petitioner
has no opportunity to obtain redress in state court or where the state corrective process is
so defective as to render any effort to obtain relief futile," exhaustion is not required.
Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) (citing Duckworth v. Serrano,
454 U.S. 1, 3 (1981)); see also, Hankins at 249-250 (exhaustion is excused if state
process offers no hope of relief).

     The initial inquiry in determining whether the exhaustion requirement has been
met is whether a state prisoner has "fairly presented" his federal claims to the state courts.
To meet the fair presentation criterion, the same factual and legal basis for a claim must
be presented to the state court to allow the state a reasonable opportunity to address the
claim and correct any violation of federal rights. Duncan v. Henry, 513 U.S. 364 (1995)
(per curiam). "Fair presentation requires that, before a particular claim may be asserted
in federal court, the same method of analysis must have been made available to the state
court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir. 1987), cert. denied, 484 U.S.
845 (1987). The exhaustion requirement further requires a state prisoner to properly
present his claims to the requisite state courts.

     In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief
Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam)
[hereinafter "Order 218"] provides that:

in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

The petitioner raises the following claims in his current Federal Habeas Petition:

(1)  Whether the petitioner's guilty plea was defective?

(2)  Whether the petitioner's trial counsel was ineffective for the petitioner?

In accordance with Order 218, Williams has presented these issues in his PCRA appeal to the Pennsylvania Superior Court and relief has been denied, therefore the claims are exhausted.

## VI.   MERITS OF PETITIONER'S CLAIM

### A.   Defective Guilty Plea

A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 125 S.Ct. 2398, 2405 (2005) (citing Brady v. United States, 397 U.S. 742, 748 (1970)).  Under Hill v. Lockhart, 474 U.S. 52 (1985), a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of such a plea by showing that counsel's performance fell beneath the standard articulated in Strickland v. Washington, 466 U.S. 668 (1984). Moreover, a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal. Bradshaw

6

at 2407 (citing Brady at 757; Mabry v. Johnson, 467 U.S. 504, 508 (1984)).  Finally,

Federal courts in habeas corpus cases are required to give deference to the factual

findings of both the state trial and appellate courts. Dickerson v. Vaughn, 90 F.3d 87, 90

(3rd Cir. 1996) (citing Parke v. Raley,  506 U.S. 20, 36 (1993); Sumner v. Mata, 449 U.S.

539, 546 (1981)).

Here both the PCRA court and the Pennsylvania Superior Court found that the

plea colloquy ensured that Williams made a knowing, intelligent, and voluntary decision

to enter his guilty plea.[1]  The written guilty plea colloquy indicates that Williams

understood the nature of the charge against him, the factual basis for the guilty plea, and

the permissible range of the sentence.[2]  Further, Williams indicated he understood the

presumption of innocence and the right to a jury trial, which would require a unanimous

verdict.[3]  Moreover, both the written plea colloquy and the oral colloquy by the assistant

district attorney stated that the court was not bound by the terms of any plea bargain.[4]

Additionally, by signing the written plea colloquy, appellant indicated that he had

an opportunity to review his case with counsel, that he had not been pressured or

threatened into entering the plea, and that he fully understood his rights.[5]  Furthermore,

during the individual colloquy, the assistant district attorney recited each of the charges

Williams was pleading guilty to, as well as the factual basis for each.  N.T., 11/6/2003, at

9-10.  It should also be noted, that at numerous points during both the group and

individual colloquy, Williams was asked if he had any questions regarding either the

rights he was giving up, the crimes to which he was pleading guilty, or the factual basis

[1] See Rule 907 Notice, 7/26/04 and Non-Precedential Decision, April 4, 2005.
[2] Defendant's Statement of Rights Prior to Guilty Plea, Docket Entry 5, at ¶¶ 1, 4.
[3] Id. at ¶ 3.
[4] Id. at ¶ 6; N.T., 11/6/2003, at 4-6.
[5] Statement of Rights at Introductory Paragraph.

of those crimes.  Willaims was further provided with a copy of the Information,

containing the factual assertions to support the crimes charged, which he signed,

indicating his desire to plead guilty.  (N.T., 11/6/2003 and Information, Docket Entry 4,

at 3 (reverse)).

The record does not support Williams' claim that his guilty plea was not

voluntarily, knowingly, and intelligently made.  Throughout the record there is no

indication that Williams' plea was anything but voluntarily, knowingly, and intelligently

made.  Accordingly, Williams' request for relief should be denied.

### B.    Ineffective Assistance of Counsel

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that the two-part

test announced in Strickland v. Washington, 466 U.S. 668 (1984), respecting ineffective

assistance of counsel applies to the type of challenge to a plea agreement that Williams

raises here.  Under the two-prong test of Strickland, this court must inquire whether (1)

counsel's representation fell below an "objective standard of reasonableness" and, if so,

(2) whether there is a "reasonable probability" that this ineffectiveness prejudiced the

outcome. Strickland at 688, 694.

In applying the first prong of the Strickland test in the context of guilty pleas, a

court must determine whether "counsel's advice was within the range of competence

demanded of attorneys in criminal cases.'" Hill, 474 U.S. at 56 (quoting McMann v.

Richardson, 397 U.S. 759, 771 (1970)).  In applying the second prong of the Strickland

formulation in the context of guilty pleas, a court must focus on whether counsel's

constitutionally deficient performance affected the outcome of the plea process. Thus, in

order to establish prejudice in the context of guilty pleas, a defendant must show that

there exists a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on proceeding to trial. United States v. Ordaz, 111 Fed. Appx. 128 (3rd Cir. 2004) (citing Hill at 59).

Williams claims that counsel was ineffective when prior to entering a plea, his counsel failed to inform him that if he went to trial, a jury's verdict would have to be unanimous. A review of the record plainly demonstrates that even if Williams' counsel failed to inform him of this fact, Mr. Williams was not prejudiced. An assistant district attorney read Williams a Statement of Understanding of Rights Prior to a Guilty Plea, which included the statement "you must be proven guilty unanimously beyond a reasonable doubt." N.T., 11/6/2003, at 6. Furthermore, Mr. Williams signed a Statement of Understanding of Rights Prior to a Guilty Plea, indicating he read and understood his rights. These rights also included an explanation that if he went to trial a jury's verdict would have to be unanimous. Defendant's Statement of Rights Prior to Guilty Plea, Docket Entry 5, at ¶ 3 and N.T., 11/6/2003, at 9. Williams was clearly aware that a jury trial would require a unanimous verdict prior to entering his guilty plea, therefore Williams was not prejudiced if in fact his counsel failed to tell him. Accordingly, Williams' request for relief should be denied.

## VII.    **CONCLUSION**

**WHEREFORE**, based upon the foregoing, Respondent requests that this Court

dismiss/deny the Petition for Writ of Habeas Corpus in the above entitled action.

Respectfully submitted,

John P. Carhart
Assistant District Attorney

Dated:     July 25, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ELMER WILLIAMS,                    )
    Petitioner,                )
                         )
      vs.                              )          **C.A. No. 05-115 Erie**
                         )
FRANKLIN TENNIS,                   )
    Respondent.                )

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the Commonwealth's Response to Petition for Writ of Habeas Corpus in the above-captioned matter, upon the person and in the manner indicated below, which service satisfies the requirements of Pennsylvania Rules of Appellate Procedure.


Services by First Class Mail:


Elmer Williams, FR-6976
SCI-Rockview
Box A
Bellefonte, PA 06823

                              By: _Jennifer Sasso_
                                Jennifer Sasso

Dated: August 2, 2005